Mr. Justice Walker delivered the opinion of the Court. In this case, a motion was made at the September Term, 1849, to dismiss the appeal, because (as alleged,) the statutory prerequisites to the granting an appeal by the Probate Court had not been complied with — which motion the court overruled. At the March Term, 1850, the motion to dismiss was renewed, and again overruled; and the court then took jurisdiction of the case, examined the exceptions, decided upon the errors, and set the case for trial de novo upon its merits at the next term. At the March Term, 1851, the motion to dismiss was a third time presented, and then sustained by the court and the appeal dismissed. The grounds for the motion were properly matter in abatement; and, whether presented by plea or motion, the rules governing pleas in abatement, with regard to time, &c., are the same. Had the question been presented by plea, it would in order have ¡preceded any defence in bar of the action, and would not have been subject to amendment, and when once decided, no second ■plea for the same cause could have been presented even at the same term, and before a plea to the action. And, if not at the same term, much less should it have been permitted at a succeeding term, and after the court had proceeded to investigate the merits of the appeal. Independent of any consideration of the merits of the motion, we think the court erred in receiving and entertaining the motion to dismiss the appeal at the time it was dismissed. But upon examination of the grounds upon which the motion was made, we think them insufficient. The statute does not require the appellants to give bond for the payment of costs. Biscoe et al., v. Maddin ad.,7 Eng. R. 765. And the affidavit required by the statute, although not as definite in its terms as it might have been, is nevertheless not fatally defective. The affidavit was made by one of the appellants, and the statement that “affiant is aggrieved,” instead of “affiants are,” &c., is the ground of objection. Taking the whole affidavit together, it is evidently a clerical misprison, which does not vary the sense and legal effect of the affidavit. The Circuit Court, therefore, erred in dismissing the appeal; and, for this error, the judgment of the court must be reversed, with instructions to the Circuit Court to take jurisdiction of the case and proceed to hear and determine the same according to law, 4-c. Mr. Chief Justice Watkins did not sit in this case..